1

2

3

4

5

6

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

7   ANNIE M. SCALES,                  )

8                     Plaintiff,   )

9   vs.

10   JUDGE ROBERT JOHNSON, et al.,

11                   Defendants.

Case No. 2:10-cv-00329-RLH-PAL

**ORDER AND REPORT OF FINDINGS AND RECOMMENDATION**

(IFP App. - Dkt. #1)

12

13        Plaintiff Annie M. Scales is proceeding in this action *pro se*, has requested authority pursuant to

14   28 U.S.C. § 1915 to proceed *in forma pauperis,* and submitted a Complaint (Dkt. #1) on March 30,

15   2010. This proceeding was referred to this court by Local Rule IB 1-9.

16   **I.**     *In Forma Pauperis* **Application**

17        Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees

18   and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be

19   granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's complaint.

20   **II.**     **Screening the Complaint**

21        Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a

22   complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is

23   legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks

24   monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a

25   court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint

26   with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the

27   deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir.

28   1995).

1    Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for

2    failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a

3    ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir.

4    2000).  A properly pled complaint must provide a short and plain statement of the claim showing that

5    the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544,

6    555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels

7    and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 129

8    S.Ct. 1937, 1949 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as

9    true all well-pled factual allegations contained in the complaint, but the same requirement does not

10   apply to legal conclusions.  *Iqbal*, 129 S.Ct. at 1950.  Mere recitals of the elements of a cause of action,

11   supported only by conclusory allegations, do not suffice.  *Id.* at 1949.  Secondly, where the claims in the

12   complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed.

13   *Twombly,* 550 U.S. at 570.

14       The Complaint was filed on the court's civil rights complaint pursuant to 42 U.S.C. § 1983.   To

15   state a claim under section 1983, a plaintiff must allege that a right secured by the Constitution has been

16   violated, and the deprivation was committed by a person acting under color of state law.  *West v. Atkins,*

17   487 U.S. 42 (1988) (citation omitted).  States and state officers sued in their official capacity are not

18   "persons" for the purposes of a section 1983 action, and generally, they may not be sued under the

19   statute.  *Will v. Mich. Dept. of State Police,* 491 U.S. 58, 71 (1989).  Section 1983 does allow suits

20   against state officers in their individual capacities.  *Hafer v. Melo,* 502 U.S. 21, 26 (1991).

21       Plaintiff alleges that she was wrongfully found guilty and put in jail during the pendency of a

22   state court criminal action for misdemeanor stalking.  This is the second such complaint Plaintiff has

23   filed in this court.  On July 27, 2009, Plaintiff filed a complaint and application to proceed *in forma*

24   *pauperis*, which is currently pending before District Judge Mahan and Magistrate Judge Johnston as

25   case number 2:09-cv-01368-JCM-RJJ.  The Complaint filed in this case restates the claims set forth in

26   the case pending before Judge Johnston and adds an additional claim against Judge Johnson and the

27   Commission on Judicial Discipline.  On March 1, 2010, Judge Johnston held a hearing and found that

28   Plaintiff's Application to Proceed *In Forma Pauperis* should be denied, and the Complaint should be

1    dismissed. *See* Dkt. #15. On March 11, 2010, Judge Johnston entered a Report of Findings and

2    Recommendation (Dkt. #16) that Plaintiff's Complaint be dismissed with prejudice. Plaintiff filed an

3    Objection (Dkt. #17) on March 19, 2010. The case is still pending.

4        Here, Plaintiff states that Judge Togliatti violated her constitutional rights by convicting her of

5    the crime of misdemeanor stalking in the Eighth Judicial Court in Clark County, Nevada on January 4,

6    2000. Plaintiff takes exception to the manner in which Judge Togliatti presided over her state court

7    case. Plaintiff also makes allegations against Judge Robert Johnston, claiming that in the above-

8    referenced case, he recommended dismissal and told her to file an appeal in state court. Plaintiff claims

9    he should have investigated her claims regarding her conviction for misdemeanor stalking. All of

10   Plaintiff's claims against the Judge Togliatti and Judge Johnston (the "Judicial Defendants") involve

11   actions taken by them in their judicial capacity. As a result, the Judicial Defendants are absolutely

12   immune from suit. The United States Supreme Court has repeatedly held that judges and those

13   performing quasi-judicial functions are absolutely immune from damages for acts performed within

14   their judicial capacities. *Stump v. Sparkman*, 435 U.S. 349, 360 (1978); *Nixon v. Fitzgerald,* 457 U.S.

15   731, 766 (1982). Judges are absolutely immune from a civil suit for damages under § 1983. *See Imber*

16   *v. Pachtman,* 424 U.S. 409, 435 (1976). Plaintiff's Complaint, therefore, fails to state a claim upon

17   which relief can be granted against the Judicial Defendants, and it will be recommended to the District

18   Judge that this claim be dismissed.

19       Moreover, to the extent Plaintiff is challenging her state court criminal conviction, Plaintiff's

20   claims must also be dismissed. It is well-settled that federal district courts do not have appellate

21   jurisdiction over a state court, whether by direct appeal, mandamus, or otherwise. *See, e.g., Rooker v.*

22   *Fidelity Trust Co.,* 263 U.S. 413 (1923); *Bianchi v. Rylaarsdam,* 334 F.3d 895, 898 (9th Cir. 2003).

23   Moreover, the Supreme Court has held that a § 1983 action cannot be used to collaterally attack a

24   criminal conviction unless the conviction or sentence has been reversed on direct appeal, expunged by

25   executive order, declared invalid by a state tribunal authorized to make such a determination. or called

26   into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey,* 512 U.S.

27   477, 484 (1994) (stating "We think the hoary principle that civil tort actions are not appropriate vehicles

28   for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions").

1    *Heck* is grounded in the "strong judicial policy against the creation of two conflicting resolutions arising

2    out of the same or identical transaction." *Id.* at 484.  Here, it does not appear that Plaintiff's conviction

3    has been reversed on direct appeal, expunged by executive order, declared invalid, or called into

4    question.  As a result, Plaintiff's claims concerning her state court conviction for misdemeanor stalking

5    must be dismissed.

6          With regard to Plaintiff's claims against the Nevada State Board of Nursing, it appears that

7    Plaintiff is dissatisfied that her nursing license was revoked because she was convicted of two criminal

8    offenses.  Plaintiff asserts she only sustained one conviction.  It appears that Plaintiff attempted to

9    appeal the Board of Nursing's decision, but her application was denied on February 5, 2002.  In order to

10   further challenge the Board's denial of an application, Plaintiff was required to mail a certified letter to

11   the Board within ten days of receipt of the Board's denial letter.  *See* Letter from Board of Nursing,

12   attached to Plaintiff's Complaint at 13.  Here, the Board's denial letter is dated February 5, 2002, so

13   Plaintiff's claim is time-barred, and it will be recommended that it be dismissed.

14         Plaintiff does not state any factual allegations whatsoever against the Commission on Judicial

15   Discipline that state a claim upon which relief can be granted.  It appears, based upon the documents

16   submitted with the Complaint, that Plaintiff is dissatisfied with the Commission's determination on a

17   complaint Plaintiff lodged in 1999.  Accordingly, it will be recommended that Plaintiff's claim against

18   the Commission on Judicial Discipline be dismissed.

19         For the foregoing reasons,

20         **IT IS ORDERED:**

21         1.    Plaintiff's request to proceed *in forma pauperis* is GRANTED.  Plaintiff shall not

22                be required to pay the filing fee of three hundred fifty dollars ($350.00).

23         2.    Plaintiff is permitted to maintain this action to conclusion without the necessity of

24                prepayment of any additional fees or costs or the giving of a security therefor.  This

25                Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of

26                subpoenas at government expense.

27         3.    The Clerk of Court shall file the Complaint.

28   / / /

4

1    **IT IS RECOMMENDED** that Plaintiff's Complaint be DISMISSED.

2    Dated this 28th day of April, 2010.

3

4

5    _____
     PEGGY A. LEEN

6    UNITED STATES MAGISTRATE JUDGE

7

8                              **<u>NOTICE</u>**

9        These findings and recommendations are submitted to the United States District Judge assigned

10   to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within ten days after being served

11   with these findings and recommendations, any party may file written objections with the court.

12   Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and

13   recommendations of a magistrate judge shall file and serve *specific written objections* together with

14   points and authorities in support of those objections, within ten (10) days of the date of service of the

15   findings and recommendations.  The document should be captioned "Objections to Magistrate Judge's

16   Findings and Recommendations."  The parties are advised that failure to file objections within the

17   specified time may waive the right to appeal the District Court's Order.  <u>Martinez v. Ylst</u>, 951 F.2d

18   1153 (9th Cir. 1991).  The points and authorities filed in support of the specific written objections are

19   subject to the page limitations found in LR 7-4.

20

21

22

23

24

25

26

27

28